UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| ST Engineering Halter Marine & Offshore, Inc., d/b/a Halter Marine & Offshore<br>*Plaintiff,*<br><br>VERSUS<br><br>GAC North America - Shipping, GAC Shipping (USA), Inc., and Offshore Heavy Transport, *ASA*<br>*Defendants* | CIVIL ACTION NO. 1:19-cv-902-HSO-JCG<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## COMPLAINT

NOW COMES, Plaintiff, ST Engineering Halter Marine & Offshore d/b/a Halter Marine & Offshore ("STEHMO"), through undersigned counsel, and files this Complaint against Offshore Heavy Transport ASA, GAC North America – Shipping and GAC Shipping (USA), Inc., pursuant to Federal Rule of Civil Procedure 9(h), seeking damages for breach of contract that includes interests calculated until paid in full, as well as, attorney's fees.  STEHMO alleges upon information and belief as follows:

### I.   PARTIES

1. Plaintiff is ST Engineering Halter Marine & Offshore, Inc. d/b/a Halter Marine & Offshore ("STEHMO").  At all material times, STEHMO was and is a corporation organized under the laws of Delaware with its principal place of business in Pascagoula, Mississippi.

1

2. The M/V HAWK (IMO#8616556) is a heavy lift cargo vessel, which is owned and operated by Defendant Offshore Heavy Transport ASA ("OHT"). The M/V HAWK was within the district and underwent repairs in Pascagoula, Mississippi for a span of time in March and April of 2019.

3. Defendant OHT is a foreign entity organized and existing under the laws of Norway with its principal place of business in Oslo, Norway. OHT is the registered owner of the M/V HAWK. OHT does not maintain a regular place of business or designated agent for service of process in this district. OHT does maintain an office at 2100 W Loop S, Suite 834, Houston, Texas 77027 but is not registered to do business in that state.

4. Defendant GAC North America – Shipping and GAC SHIPPING USA, INC. (collectively "GAC") is a corporation organized and existing under the laws of Delaware with its principal offices located at 1 International Plaza, Suite 250, Philadelphia, PA 19113. Service of process may be made by serving its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendant GAC was engaged by Defendant OHT to be the shipping agent for the M/V HAWK.

6. As the shipping agent for the M/V HAWK, GAC had the authority to engage third parties such as STEHMO to provide goods and services to the M/V HAWK for the benefit of the vessel and its owner OHT.

7. OHT, as owner of the M/V HAWK, is bound and liable for the actions taken by FAC, the shipping agent, in the frame of the agency.

## II. JURISDICTION AND VENUE

8. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h).

9. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333.

10. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## III. FACTS

8. STEHMO is a shipbuilding company which engages in ship design, construction, and repair for both public and private clients.

9. Defendant OHT is a transportation service provider, which owns and operates several heavy lift vessel worldwide, including the M/V HAWK.

10. Defendant GAC is a shipping and logistics company and represented both verbally and in documentation that it was the M/V HAWK'S shipping agent.

11. Defendant GAC engaged STEHMO to provide repair and support services for the M/V HAWK on behalf of its owner Defendant OHT.

12. On March 19, 2019, GAC and STEHMO executed Work Orders Nos. 001 and 002 under which STEHMO agreed to provide services to GAC to support repair work on the M/V HAWK. *See* Work Order Nos. 1 and 2, attached as Exhibit A.

13. The quoted work included setting tow anchors for the M/V HAWK at the Ingalls Deep Hole, tug assist, and labor to set/retrieve the anchors.

14. This was tentatively scheduled to take place on March 25, 2019.

15. The payment terms required an Invoice to be submitted to GAC upon completion and payment to be received within 15 days of the invoice date.

16. Work Order Nos. 1 and 2 states that the offer is subject to "mutually agreed terms and conditions of contract." *See* Exhibit A.

17. On April 10, 2019, STEHMO and GAC executed Work Order No. 3 under which STEHMO agreed to provide "T&M Support" for the M/V HAWK. *See* Work Order No. 3, attached as Exhibit B.

18. Work Order No. 3 included the same payment terms and conditions as Work Orders Nos. 1 and 2.

19. On April 23, 2019, STEHMO and GAC executed Work Order No. 4 under which STEHMO agreed to set anchors previously moved by the United States Coast Guard ("USCG") at Ingalls Deep Hole, to take place tentatively on April 28, 2019. *See* Work Order No. 4, attached as Exhibit C.

20. Work Order No. 4 was subject to same payment terms and conditions as Work Orders Nos. 1 and 2.

21. Further on April 23, 2019, GAC advised STEHMO to move forward and bill the work performed pursuant to Work Order Nos. 1-4 to GAC's accounting department for payment. See 4/23/2019 E-mail from Mike Pipkins, attached as Exhibit D.

22. On May 1, 2019, and May 29, 2019 respectively, STEHMO sent invoices in the following amounts to GAC –

| Work Order No. | Invoice No. | Invoice Date | Invoice Amount | Due Date | Remaining Amount |
|---|---|---|---|---|---|
| 001 | E0220001 | 5/1/2019 | $48,083.00 | 5/16/2019 | $48,803.00 |
| 002 | E0220002 | 5/31/2019 | $206,850.00 | 6/13/2019 | $206,850.00 |
| 003 | E0220003 | 5/1/2019 | $227.50 | 5/16/2019 | $227.50 |
| 004 | E0220004 | 5/1/2019 | $48,083.00 | 5/16/2019 | $48,083.00 |
| | | | | Total | $303,963.50 |

*See* Invoices, *en globo*, attached as Exhibit E.

23. No payment has been made on the $303,963.50 owed by GAC.

24. The work performed pursuant to Work Order Nos. 1-4 are subject to STEHMO's Terms and Conditions. *See* Terms and Conditions, attached as Exhibit F.

25. By executing the respective Work Orders, GAC agreed to be bound by STEHMO's Terms and Conditions.

26. Per the Terms and Conditions, GAC would be the "Customer" for purposes of the work performed by STEHMO.

27. Per section 1(4) of the Terms and Conditions, "Customer" is defined as "the person or entity that accepts a bid or quotation of the Contractor for the repair of the Vessel or whose written order for repair of the Vessel is expressly accepted in writing by Contractor. By entering into the Contract, Customer irrevocably agrees and

warrants that it is either the owner of the Vessel and/or the Services or other work to be undertaken pursuant to the Contract upon the Vessel are duly authorized by the owner of the vessel." *See* Exhibit F, §1(4).

28. Section 6(a) states that unless otherwise expressly agreed by the parties, the Customer shall make full payment to Contractor for services and work completed. *See* Exhibit F, §6 (a).

29. Section 6(d) goes on to provide that if full payment is not made by GAC to STEHMO, then STEHMO "shall be entitled to file an In Rem writ to secure the claim of the Contractor against the Vessel, until such time full payment of all sums due to the Contractor have been fully paid by the Customer." *See* Exhibit F, §6(d).

30. In the event that payment is late, STEHMO shall be entitled to charge the Customer interest on the amount unpaid at the rate of 1 percent per months (12 % per year) until full payment is made. *See* Exhibit F, §7.

31. The Contract shall be governed by general maritime law of the United States, and the parties agreed to submit to jurisdiction of this Court in the event of a dispute that cannot be resolved. Further, the Customer is to pay all legal charges, including attorneys' fees, in the event of an award in favor of STEHMO. *See* Exhibit F, §24.

32. GAC executed the Work Orders on behalf of itself and the owner of the M/V HAWK, OHT, and thus bound itself to these Terms and Conditions.

33. In violation of the terms of the Work Orders and Terms and Conditions, neither GAC nor OHT have paid STEHMO for any of the work billed through the invoices.

34. STEHMO made a formal demand for payment on November 6, 2019 on the outstanding amount of $303,963.50, in addition to $16,041.22 in interest accrued. *See* 11/6/2019 Ltr from Jeffrey Gehrmann to Adron Allen, attached as Exhibit G.

35. In response to the formal demand for payment, GAC averred that it was not liable for payment of the invoices, and OHT remained fully liable for GAC's actions taken during the course of its agency work.

36. Both OHT and GAC are liable for the work performed by STEHMO for the benefit of the M/V HAWK.

37. No payments have been made to STEHMO on any of the Invoices.

38. GAC and OHT have failed to make proper payment for the labor, materials, equipment, and repairs provided to the M/V HAWK despite STEHMO's repeated demands upon GAC for payment due.

39. As reflected above, STEHMO provided in excess of $303,963.50 in necessaries and services to the M/V HAWK, including work, labor, and materials provided to the vessel. This includes interest on the outstanding payments at a rate of 1% per month, which brings the total outstanding amounts due to $320,004.72. Interest continues to accrue.

### IV. CAUSES OF ACTION

#### BREACH OF CONTRACT

40. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

41. STEHMO and GAC executed Work Orders Nos. 1-4, in which STEHMO undertook an obligation to provide various services, labor and materials to the M/V HAWK. Both GAC and OHT undertook an obligation to pay for STEHMO's services, labor and materials.

42. STEHMO performed its obligations under Work Order Nos. 1-4 and invoiced GAC per the stated payment terms.

43. Neither GAC nor OHT, however, have performed its contractual obligation to pay for the goods and services provided and accepted on behalf of the M/V HAWK.

44. GAC's non-performance is a breach of the parties' agreement.

45. OHT's non-performance is a breach of the parties' agreement.

46. STEHMO has been damaged by GAC and OHT's failure to pay the Invoices.

47. As a result of this breach, GAC and OHT owe the amounts due per the Invoices, in addition to penalties, interest, and attorney fees.

48. As of November 6, 2019, GAC and OHT owe STEHMO $320,004.72 for the work performed on the M/V HAWK.

## ATTORNEY'S FEES

49. As a result of GAC and OHT's breach, and its failure and refusal to pay for the goods and services provided, STEHMO has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in section 24 of STEHMO's Terms and Conditions, and as required by the laws of this Honorable Court.

## V. PRAYER FOR RELIEF

50. For these reasons, STEHMO requests the following:

   a. That this Complaint be deemed good and sufficient;

   b. That a judgment be entered in favor of ST Engineering Halter Marine & Offshore, Inc. against Offshore Heavy Transport ASA, and GAC North America - Shipping for the amounts due and owing of at least $320,004.72 together with post judgment interest, costs of suit and attorney's fees; and

   c. That STEHMO have such further and different relief as the Court may deem just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Allison R. Colon*
**ALLISON R. COLON**
(MS Bar. No. 103068)
acolon@grsm.com
**GORDON & REES, LLP**
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: 504-528-3088
Facsimile: 504-586-3419
*Attorney for ST Engineering Halter Marine & Offshore, Inc*

**PLEASE SERVE:**
GAC North America – Shipping and GAC SHIPPING USA, INC.
Through its registered agent –
CT Corporation System
645 Lakeland East Drive, Suite 101,
Flowood, MS 39232.

Offshore Heavy Transport ASA
Long-arm service via the Texas Secretary of State
Service of Process
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served upon all other counsel of record via the Court's ECF system, by depositing said copy in the United States Mail, properly addressed and first-class prepaid, and/or by facsimile and/or email delivery on this 20th day of November, 2019.

                                          */s/ Allison R. Colon*
                                          ALLISON R. COLON (MS Bar #103068)